VICTORY, Judge.
Defendant, Dr. Harold Lundy [Lundy], who is acting in his capacity as president of Grambling State University, appeals a lower court ruling which orders him to release all the names, social security numbers, and some home addresses for every university employee to the plaintiff, John Hayes, publisher of Ruston’s newspaper, “The Morning Paper” [newspaper], Lundy disagrees with the court’s ruling that these items are public records as defined by LSA-R.S. 44:1 et seq. We affirm the portion of the judgment ordering the release of the names and social security numbers, but we amend to clarify which addresses are confidential.

FACTS

On April 30, 1992, the newspaper requested that Lundy produce copies of IRS form #941, which contains, among other things, the name, address, and social security number of all Grambling employees. On May 5, 1992 Lundy, as custodian of the records, produced two magnetic tapes, which were copies of form # 941. However, all addresses and social security numbers of university employees were deleted from these tapes. Upon receipt of the tapes, the newspaper immediately faxed a letter to Lundy specifically noting the absence of the addresses and social security numbers. Two days later, Lundy responded by stating that he considered the information private and not subject to disclosure under the Louisiana Public Records Law, LSA-R.S. 44:1 et seq. In addition, Lundy stated that he was giving all university employees the option of electing to make their social security numbers and home addresses confidential. Apparently, he had sent a written “election” form to all employees on May 1, 1992 for this purpose. By May 5, 1992, most employees had responded and requested that the information be kept confidential.
The newspaper then filed suit for a writ of mandamus seeking to have the district court order Lundy to produce the requested information. Defendant answered and further responded by filing a motion for summary judgment which claimed that IRS form # 941 is a “tax return” and that the social security numbers and addresses contained within it are exempt from the public records law by LSA-R.S. 44:4(1) and 26 U.S.C. § 6103. In addition, the motion claimed the home address of an employee is confidential under LSA-R.S. 44:11(A)(3), if the employee so requests, and that public employees must be given the opportunity to choose whether they want this information to be confidential. With the motion for summary judgment, Lundy also filed a peremptory exception of non-joinder of indispensable parties on the ground that the employees of Grambling should have been made parties to the lawsuit. In a lengthy written opinion, the trial judge denied both the motion for summary judgment and the peremptory exception.
Following the denial of the motion and the exception, the case was tried on July 10, 1992. After receiving testimony, the judge held that the names and social security numbers of all university employees must be provided to plaintiff. In addition, he held that all home addresses that had not been made confidential on or before May 5,1992, the date the judge found them to be formally requested by the newspaper, be released to plaintiff.
On appeal, Lundy reasserts his position that the social security numbers and home addresses are exempt from disclosure because this information was requested from IRS form # 941. Additionally, appellant reasserts that public employees home addresses are exempt from disclosure if the employee chooses to keep this information confidential under LSA-R.S. 44:11(A)(3). Finally, Lundy argues that the peremptory exception for non-joinder of indispensable *267 parties was erroneously denied.[1] Hayes answers the appeal, arguing that all home addresses that had not been requested to be kept confidential before April 30th should be furnished.

DISCUSSION

The record reflects that the newspaper’s primary goal was to obtain all employees’ names, social security numbers, and home addresses, regardless of the source. Although the newspaper concedes that it would have preferred the information from IRS form # 941 because of the form’s reliability, it acknowledges that Lundy is not required to furnish the information from any particular source. John Hayes’ testimony, and his letter of May 5th, confirms that he was specifically asking for social security numbers and home addresses.
Because the employees of Gram-bling State University work for the public, some information about them is part of the “public record”. The right of access to public records is a fundamental right, guaranteed by the Louisiana Constitution, Art. 12, sec. 3. The Louisiana Public Records Law, LSA-R.S. 44:1 et seq., specifies which information is available for, or exempt from, public disclosure relating to public employees. Information contained in a public employee’s tax returns is generally exempt from disclosure to the public, LSA-R.S. 44:4. However, the Public Records Law must be liberally interpreted to enlarge rather than restrict public access to public records. Exemptions from disclosure should be narrowly construed because they are in derogation of the public’s right to know how government affairs are conducted and by whom. Treadway v. Jones, 583 So.2d 119 (La.App. 4th Cir.1991); Webb v. City of Shreveport, 371 So.2d 316 (La.App. 2d Cir.1979), writ denied 374 So.2d 657 (La.1979).
Following these principles, we conclude that the university employees’ social security numbers are not exempted from disclosure by LSA-R.S. 44:4, or any other legislation or court ruling that has been cited or located in our research. Therefore, we affirm the portion of the judgment which orders Lundy to release to the newspaper the social security numbers of all Grambling employees.
However, LSA-R.S. 44:11(A)(3) provides legislative exemption from public disclosure for home addresses:
(A) Notwithstanding anything contained in this Chapter or any other law to the contrary, the following items in the personnel records of a public employee of any public body shall be confidential:
(3) The home addresses of the public employee where such employee has requested that the address be confidential.
Prior to the time the newspaper made its request for the home addresses, the university had never asked any of its employees if they wished their home addresses be confidential. As custodian, Lundy had a legal duty to withhold the home address if the affected employee so requested. We believe Lundy acted reasonably in his sending an “election” form to the employees asking whether they wished such information to be confidential. See Association For Rights of Citizens Inc. v. St. Bernard, 557 So.2d 714 (La.App. 4th Cir.1990). Further, Lundy complied with LSA-R.S. 44:32(D) by notifying the newspaper of his determination and reasons within three days of the newspaper’s May 5th letter, and further advised he would forward the home addresses of these employees who did not choose to make them confidential.
The trial judge ruled that any election forms requesting confidentiality of home addresses which were received after May 5, 1992 would not be honored with respect to this request by the newspaper. LSA-R.S. 44:11(A)(3) does not provide a time period within which an employee must request his or her home address be kept *268 confidential. Since no time period is provided in the statute, and since Grambling employees had not previously been told of their right to confidentiality, we hold that a reasonable period of time for notification of their rights and to elect confidentiality should be applied in this instance.
The record does not reflect that any of the election forms were returned to Lundy unreasonably late. Most were received by May 5th. Therefore, Lundy should have only been ordered to furnish the home addresses of those employees who had not chosen confidentiality within a reasonable period of time. The record reflects Lundy released those addresses to the newspaper.
For these reasons, we amend the portion of the judgment which ordered Lundy to release the home addresses of the employees who elected to keep them confidential after May 5, 1992. Under the facts of this case indicating that all employees electing confidentiality of their home addresses did so within a reasonable period of time, we hold that all such employees are entitled to confidentiality.[2]
Finally, we conclude that the newspaper is not entitled to attorney fees which it seeks under LSA-R.S. 44:35(D). This statute provides that a prevailing party in an action to obtain public records is entitled to reasonable attorney fees, but further provides that where a party only prevails in part, the award of attorney fees is discretionary with the court. Lewis v. Spurney, 456 So.2d 206 (La.App. 4th Cir.1984), writ denied 457 So.2d 1183 (La.1984), writ denied 458 So.2d 488 (La.1984). The trial court chose not to award attorneys fees in this case, apparently due to Lundy’s good faith in attempting to provide the newspaper with the records it was due under the law, yet at the same time protecting the rights of the university employees. We find no abuse of discretion in this trial court ruling.

DECREE

The portion of the judgment ordering Lundy to release the names and social security numbers of all Grambling employees is affirmed. The portion of the judgment ordering Lundy to release the home addresses of the university employees who elected to keep this information confidential after May 5, 1992, is amended to order Lundy to furnish only the home addresses of those employees who failed to elect confidentiality.
AFFIRMED IN PART; AMENDED IN PART.

. Appellant also assigned as error two claims which complain of the trial court’s refusal to grant its motion for summary judgment. An appeal does not lie from a court’s decision to deny a motion for summary judgment, LSA-C.C.P. Art. 968. At oral argument, counsel for appellant conceded that these claims should be abandoned.

. This ruling pretermits a need to discuss the peremptory exception.