830 So.2d 417 (2002)
LOCAL 100, SERVICE EMPLOYEES, INTERNATIONAL UNION, Plaintiff-Appellant,
v.
Jane SMITH, Superintendent Bossier Parish Schools, Defendant-Appellee.
No. 36,454-CA.
Court of Appeal of Louisiana, Second Circuit.
October 23, 2002.
*418 Spencer C. Livingston, New Orleans, Marie Celestine Williams, for Plaintiff-First Appellant.
Hammonds & Sills by Robert L. Hammonds, Baton Rouge, for Defendant-Second Appellant.
Before BROWN, GASKINS and CARAWAY, JJ.
CARAWAY, J.
The labor union in this case sought the release of employee information from the school board under the Louisiana Public Records Law, La. R.S. 44:1 et seq. The trial court denied the union's request for the addresses and telephone numbers of employees pursuant to the legislative exemption under La. R.S. 44:11(A). The trial court did require the school board to release information concerning the employees' organizational affiliations. Both parties appeal. We affirm in part and reverse in part.

Facts
In the fall of 1998, Local 100, Service Employees' International Union (the "Union") made a formal request on the Bossier Parish School Board ("BPSB") to provide the Union with "a list of all support employees (non-certified), listed with their organization affiliation (Local 100, BAE, BFT, or Bus Operators Assn.), job title, school, address and telephone number." The request for information was made pursuant to Louisiana's Public Records Law. In January 1999, BPSB replied to the request by providing the Union with a list of all support employees (non-certified) in the school system, together with the work location of each employee; and the address and phone number of the work location for each employee. BPSB did not *419 release the organizational affiliations of all support employees or the home addresses and telephone numbers of the employees.
Through a joint stipulation of fact, BPSB showed at trial that employees of BPSB were surveyed in 1996 to determine whether they wanted their home addresses and telephone numbers to be confidential or to become a matter of public record. No employee indicated a desire to allow that information to be public record. BPSB's policy manual regarding personnel records states that "all information contained in each employee's personnel file shall be considered confidential and shall not be transmitted to persons or agencies other than qualified school officials as designated by the Superintendent."
The Union filed this action for mandamus in February, 1999. After stipulations by the parties of the above facts, the trial court rendered judgment granting the writ of mandamus in part and denying it in part. BPSB was ordered to produce within a reasonable time a list of the organizational or union affiliations of each school board support employee (non-certified). However, the court denied the Union's request for BPSB to produce the home addresses and phone numbers of its employees. Attorney's fees and civil penalties also were denied, and court costs were assessed to BPSB. Both parties appeal the ruling of the trial court.

Discussion
Louisiana's Public Records Law is rooted in our constitution. Article 12, § 3 of the Louisiana Constitution provides:
No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.
In Hays v. Lundy, 616 So.2d 265 (La. App. 2 Cir.1993), this court reviewed the Public Records Law, as follows:
The right of access to public records is a fundamental right, guaranteed by the Louisiana Constitution, Art. 12, sec. 3. The Louisiana Public Records Law, LSA-R.S. 44:1 et seq., specifies which information is available for, or exempt from, public disclosure relating to public employees. Information contained in a public employee's tax returns is generally exempt from disclosure to the public, LSA-R.S. 44:4. However, the Public Records Law must be liberally interpreted to enlarge rather than restrict public access to public records. Exemptions from disclosure should be narrowly construed because they are in derogation of the public's right to know how government affairs are conducted and by whom.
Legislative exceptions to the public disclosure of employee telephone numbers and addresses are given in La. R.S. 44:11(A) which provides:
A. Notwithstanding anything contained in this Chapter or any other law to the contrary, the following items in the personnel records of a public employee of any public body shall be confidential:
(1) The home telephone number of the public employee where such employee has chosen to have a private or unlisted home telephone number because of the nature of his occupation with such body.
(2) The home telephone number of the public employee where such employee has requested that the number be confidential.
(3) The home address of the public employee where such employee has requested that the address be confidential
The Union contests the trial court's ruling regarding its request for addresses and telephone numbers, claiming that *420 BPSB's survey procedure for employees did not require each employee to directly request BPSB to withhold such information. Instead, the survey directed each employee to return a form to BPSB "only if you would like your home addresses and telephone numbers to become a matter of public record." According to the Union, the passive approach of the survey failed to comply with La. R.S. 44:11(A). We disagree.
Prior to the enactment of La. R.S. 44:11(A), the jurisprudence had required the release of home addresses and telephone numbers for public employees. Webb v. City of Shreveport, 371 So.2d 316 (La.App. 2 Cir.1979). Under its constitutional prerogative to define the scope of public documents subject to public inspection, the legislature enacted La. R.S. 44:11(A). This legislative action demonstrates that these records are not documents that relate to the public's right to learn of governmental affairs and is instead an accommodation of another constitutionally protected interest, the individual's right to privacy. La. Const. Art. 1, § 5.[1] With the legislatively exempt information not in dispute, we will not put BPSB's procedure for the survey of its employees to such a technical and strict test so as to defeat the legislative concern for their privacy. BPSB's employee survey procedure was sufficient, and the employee's right to privacy as recognized by the legislature will defeat the Union's request under the facts of this case.
Likewise, we reject the Union's argument that the parties' jointly stipulated facts do not indicate that all of BPSB's employees had been surveyed regarding the privacy of their addresses or telephone numbers. BPSB asserts and the evidence circumstantially demonstrates that BPSB acted in 1999 to shield from disclosure the addresses and phone numbers of all its employees who had been similarly surveyed.
The second ruling of the trial court granted the Union's request for production of information regarding the organizational affiliations of all support employees of BPSB. This second request for information presents a more difficult issue. First, the legislature has not addressed this type of employee data, nor exempted it from the Public Records Law. Nevertheless, an individual's right of privacy under Article 1, § 5 is itself a "case established by law" with the meaning of Article 12, § 3, which may serve as a restriction upon the scope of the public records law. Yet, unlike a specific legislative exemption to the public records law, an assertion of the right of privacy must be evaluated by the court to determine whether the right exists. If so, the court must balance the public records concern of Article 1, § 5 against the right of privacy. Second, the record is silent regarding how BPSB obtained this information from its employees. A voluntary release of this information on a job application or resume arguably differs from other means by which the school board may indirectly obtain such information, such as payroll deduction data. The joint stipulation of fact simply stated that BPSB has this information concerning its employees. Third, the Union's request for "organizational affiliation" information, while ostensibly aimed at the employee's work-related or union associations, could broadly extend to other associational ties of employees.
*421 In a recent decision concerning employee resumes submitted to a public body, the Louisiana Supreme Court reviewed the tension between the two competing constitutional provisions involved in these cases. Capital City Press v. East Baton Rouge Parish Metropolitan Council, 96-1979 (La.7/1/97), 696 So.2d 562. The court held:
In addition, Article I, Section 5 of the Constitution applies only where one has a reasonable expectation of privacy in the matter sought to be protected. The test for determining whether one has a reasonable expectation of privacy which is constitutionally protected "is not only whether the person had an actual or subjective expectation of privacy, but also whether that expectation is of a type which society at large is prepared to recognize as being reasonable." (citations omitted)
A resume is generally not something containing facts that would cause to "expose the [applicant] to public disgrace," nor would its disclosure constitute an unreasonable invasion into a person's seclusion, solitude, or private life. The applicant's subjective desire for confidentiality in this instance is not in the contents of the resume, but in the fact that he has submitted a resume. If a resume or application contains facts which would expose the applicant to public disgrace, are clearly private in nature, or are protected by law from disclosure, then that resume or application, or the private matters contained therein, may not be disclosable depending on the circumstances. However, in general, an applicant for public employment in Louisiana has no reason to expect that his or her application will be kept private. Further, in light of this state's expansive and constitutionally protected guarantee of public access to public documents, to be denied only where a law specifically and unequivocally provides otherwise, it is clear that Louisiana citizens have not yet chosen through their legislature to recognize a general right of privacy in an application for public employment. Accordingly, there is no need to balance conflicting constitutional rights, because there is no right to privacy in this case.
Id. at 567.
Unlike the resume dispute in Capital City Press, the organizational affiliation information now at issue concerns a more specific inquiry, involving private information which may or may not be disclosed to BPSB through a resume or job application. One's organizational affiliations could expose a person to ridicule and inhibit his right of free association. The employee's expectation of privacy regarding such information is of a type which society at large is prepared to recognize as reasonable. Balancing the employee's expectation of privacy concerning this information with the public's right to learn of governmental affairs, we do not find that the public's need for access to information concerning these support personnel warrants the release of the information by BPSB. Accordingly, we reverse that portion of the trial court's ruling requiring the release of the employees' organizational affiliation information.

Conclusion
The ruling of the trial court applying La. R.S. 44:11(A) to exempt from disclosure the employees' addresses and telephone numbers is affirmed. The ruling requiring BPSB to release the organizational affiliations of the employees is reversed. Costs of appeal are assessed to the Union.
AFFIRMED IN PART, REVERSED IN PART.
GASKINS, J., concurring in part and dissenting in part with reasons.
*422 GASKINS, J., concurring in part and dissenting in part.
I respectfully dissent, disagreeing with the majority's opinion that a survey requesting that the employee return the form "only if you would like your home addresses and telephone numbers to become a matter of public record," meets the exception found in La. R.S. 44:11(A). In that statute, this information is confidential if the employee "has requested" that it be confidential. Accordingly, I would remand this case to the trial court with instructions that it give the school board a reasonable amount of time to survey its employees and allow them the opportunity to make this request, or failing to make such a request, allow the information to become public record.
I respectfully concur with the majority's opinion that the school board does not have to produce the organizational affiliations of the employees. While it was stipulated that the school board has the information, the briefs indicate that the information was culled from the deductions on the employees' checks. I would agree that the information from this source is private, but acknowledge that if the union could show this information comes from a public source, then it would be able to obtain that list. Consequently, I would remand for the court to determine if this information is available to the school board in any nonprivate documentation.
NOTES
[1] La. Const. Art. 1, § 5 states that "[e]very person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures or invasions of privacy."