Dear Mr. Romano:
Our office received an opinion request from you concerning a public records request you received for a list of all applicants for the Registrar of Voters, an appointed position. Your letter states that you provided this information, along with a list of five applicants chosen to interview for the position. You then received a public records request for the score or rating sheet completed by each Police Juror evaluating each applicant. You have asked our office to opine as to whether or not the requested information is a public record subject to production under the Public Records Act.
The right of access to public information is guaranteed by La.Const. Art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Public Records Act, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to public documents. The Louisiana Supreme Court has instructed liberal construction of the Public Records Act, with any doubt being resolved in the favor of access.[1] Unless an exception to the Public Records Act is applicable, a custodian has the responsibility and duty to provide access to public records, and the public has a right to copy, inspect or reproduce public records.[2] *Page 2 
A "public record" is defined by the Public Records Act as including:
 All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state . . . except as otherwise provided in this Chapter or the Constitution of Louisiana.[3]
Score or rating sheets created to evaluate applicants for the position of Registrar of Voters are documents prepared and retained for use in the conduct, transaction, or performance of business for the Police Jury. Pursuant to La.Const. art. XII, § 3, any person has the right to examine a public document, except in casesprovided by law. In accordance with La.R.S. 44:1(A)(2)(a), the score or rating sheets are public records unless otherwise provided for in the Public Records Act or in the Louisiana Constitution. Although there is not an exception within Title 44 that specifically identifies score or rating sheets as records exempt from disclosure, the possibility of the application of La.Const. art. 1, § 5 must be considered.
The right to privacy described in La.Const. art. I, § 5 protects against any "unreasonable" invasions of privacy and has been interpreted as preventing certain documents from being subject to disclosure under the Public Records Act. Louisiana's constitutional right to privacy has been described as the right to be let alone and free from unnecessary scrutiny.[4] However, as courts analyzing a privacy interest have pointed out, the right to privacy may be lost in many ways, such as by express or implied waiver or consent, or by a course of conduct which prevents its assertion. The right to privacy is qualified by the rights of others, and is limited by society's right to be informed about subjects of public interest. In ascertaining whether or not an individual has a constitutionally recognized privacy interest in certain information, the court first looks at whether the individual has an actual or subjective expectation of privacy. The *Page 3 
court then proceeds to make an objective determination of that expectation of privacy, and examines whether the individual's expectation of privacy is one that society at large is prepared to recognize as reasonable. If both a subjective and objective expectation of privacy is found, the court then weighs the privacy interest against the public's right to know. This analysis is done on a case-by-case basis, depending on the particular facts and circumstances at issue in each situation.[5]
In Trahan v. Larivee, the court addressed whether performance evaluation reports were public records subject to disclosure.[6]
After considering that the forms included detailed comments of the rater concerning the employee's personal attitude and attributes, the court determined that "[t]o publish or disclose such personal opinions may embarrass or humiliate the employee among his fellow employees, friends or family. It may affect his future employment."[7] Additionally, the court questioned the candor or honesty that might be included by the person making the evaluation if that person knew that the evaluation was going to be made available to the public. Ultimately, the court concluded that the right to privacy prevailed over the public's right to have access to these documents. Also, our office has previously noted that matters related to the personal competence of an applicant are not subject to disclosure by a public body.[8]
Score or rating sheets evaluating various applicants for employment, like the employee evaluations in Trahan, may contain information of a private nature that, if disclosed, would embarrass or humiliate the applicant, or expose the applicant to public disgrace. The public has a right to know who was considered for the position, and the qualifications; however, the score or rating sheets themselves are exempt from production under the Public Records Act due to the right to privacy.[9] Score or rating sheets could include comments about various applicants, and a particularly low rating could embarrass or humiliate the applicant. Additionally, the persons conducting the interviews might be less inclined to disclose their honest and objective opinions about the applicants if they know that such opinions and ratings would be subject to production under the Public Records Act.
In conclusion, the score or rating sheets completed by police jurors in evaluating applicants for an appointed position are not subject to production under the Public Records Act due to the constitutional right to privacy provided by La.Const. art. I, § 5. Applicants and evaluators have both a subjective and objective expectation of privacy in *Page 4 
those documents, and when weighed against the public's right to know, the individual's right to privacy prevails over the public's right to have access to those documents.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB
[1] Title Research Corp. v. Rausch, 450 So.2d 933 (La. 1984);Landis v. Moreau, 00-1157 (La. 2/21/01), 779 So.2d 691.
[2] La.R.S. 44:31.
[3] La.R.S. 44:1(A)(2)(a).
[4] See Copeland v. Copeland, 07-0177 (La. 10/16/07),966 So.2d 1040; Capital City Press v. East Baton Rouge ParishMetro Council, 96-1979 (La. 7/1/97), 696 So.2d 562, 566;East Bank Consolidated Special Service Fire Protection District v.Crossen, 04-838 (La.App. 5 Cir. 2004), 892 So.2d 666; Local 100, ServiceEmployees, International Union v.Smith, 36,454 (La.App. 2 Cir. 10/23/02), 830 So.2d 417, writnot considered 02-2858 (La. 1/31/03), 836 So.2d 75.
[5] Id.
[6] 365 So.2d 294 (La.App.3 Cir. 11/15/78).
[7] Id. at 299.
[8] La. Atty. Gen. Op. No. 81-927 and 91-158A (relating to discussion of personal and private information concerning a job applicant in the context of the Open Meetings Laws).
[9] Related to the issue of applicant names and qualifications, see Capital City Press v. East Baton Rouge MetropolitanCouncil, 96-1979 (La.7/1/97), 696 So.2d 562, whereby the court stated that a resume is generally not a document which would expose the applicant to public disgrace, and the disclosure of a resume would not necessarily constitute an unreasonable invasion into the person's seclusion, solitude or private life.