Dear Mr. Boland:
Our office received an opinion request from you concerning the release of certain information regarding public employees pursuant to the Public Records Act. In particular, you ask whether the following information about individual employees in the executive branch of government and in port commissions, levee districts and housing authorities is subject to production pursuant to a public records request:
a. Name;
b. Home Address;
c. Physical location of work;
d. Mailing address of work;
e. Salary information;
f. Job title;
g. Date of Birth;
h. Age;
i. Date of hire;
j. Length of state service;
k. Reimbursed expenses;
I. Overtime paid in dollars and/or hours;
m. Performance ratings completed by supervisors of employees; and
n. Mandatory and elective payroll deductions and the payee of the deductions. *Page 2 
The right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Public Records Act, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to public documents. The Louisiana Supreme Court has instructed liberal construction of the Public Records Act, with any doubt being resolved in the favor of access.[1] Unless an exception to the Public Records Act is applicable, a custodian has the responsibility and duty to provide access to public records, and the public has a right to copy, inspect or reproduce public records.[2] Your letter notes that the employee information at issue is within the executive branch of government. Although an exception is available pertaining to records being used or retained for use by the governor, this exception is limited in its application and by the clear language of La.R.S. 44:5(B)(1), this exception does not apply to information related to any agency, office or department placed within the office of the governor.[3]
A "public record" is defined by the Public Records Act as including:
All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state. . . except as otherwise provided in this Chapter or the Constitution of Louisiana.[4] *Page 3 
The information listed in your opinion request involves information that would typically be kept in the personnel files of public employees for administrative purposes. This information is possessed and retained for use in the conduct, transaction, or performance of business for port commissions, levee districts and housing authorities. Pursuant to La.Const. art. XII, § 3, any person has the right to examine a public document, except in cases provided by law. In accordance with La.R.S. 44:1(A)(2)(a), the information maintained about public employees is public record unless otherwise provided for in the Public Records Act or in the Louisiana Constitution. Title 44 contains several specific exceptions to the Public Records Act. Additionally, the right to privacy embodied in the Louisiana Constitution has been recognized as functioning to exempt certain information from mandatory production under the Public Records Act.
The right to privacy described in La.Const. art. I, § 5 protects against any "unreasonable" invasions of privacy and has been interpreted as protecting certain documents from disclosure under the Public Records Act. Louisiana's constitutional right to privacy has been described as "the right to be `let alone,'. . . and to be free from `unnecessary public scrutiny."`[5] However, as courts analyzing a privacy interest have pointed out, the right to privacy may be lost in many ways, such as by express or implied waiver or consent, or by a course of conduct which prevents its assertion. The right to privacy is qualified by the rights of others, and is limited by society's right to be informed about subjects of public interest. In ascertaining whether or not an individual has a constitutionally recognized privacy interest in certain information, the court first looks at whether the individual has an actual or subjective expectation of privacy. The court then proceeds to make an objective determination of that expectation of privacy, and examines whether the individual's expectation of privacy is one that society at large is prepared to recognize as reasonable. If both a subjective and objective expectation of privacy is found, the privacy interest is weighed against the public's right to know. This analysis is done on a case-by-case basis, depending on the particular facts and circumstances at issue in each situation.[6]
Name, Home Address, Salary Information, Job Title and Date ofHire
Some of the issues asked about in your opinion request have been addressed by previous opinions from our office.[7] The names of public employees[8], the salary *Page 4 
information[9], the job title[10], the date of hire[11] and the home address of an employee, when the employee has not requested that the address be kept confidential, [12] are public records subject to inspection under La.R.S. 44:1(A)(2)(a). No specific exception applies which protects such items from disclosure, and this office is of the opinion that these items do not disclose the type of information which, if released, would constitute an unreasonable invasion of privacy.
If a public employee has requested that his or her home address be kept confidential, such information is not subject to production pursuant to a public records request by the clear and unambiguous language of La.R.S. 44:11(A)(3), which provides:
Notwithstanding anything contained in this Chapter or any other law to the contrary, the following items in the personnel records of a public employee of any public body shall be confidential:
The home address of the public employee where such employee has requested that the address be confidential.
Physical Location of Work, Mailing Address of Work
Your opinion request also asks whether the physical location of the workplace and mailing address of a public workplace is public record. There is no specific exception applicable to this information, and it is the opinion of this office that this information would not be protected by the right to privacy. As port commissions, levee districts and housing authorities are public bodies under La.R.S. 44:1(A)(1) which conduct business pursuant to authority granted by the legislature or constitution, the physical and mailing address of these public bodies are public record and subject to production pursuant to a public records request. *Page 5 
Length of State Service
As mentioned supra, this office has previously opined that the dates of employment of a public employee are public record.[13] This information is similar to the inquiry regarding length of state service. If this information is the type of information contained in the personnel records of the employees at issue, then, since there is no specific exception which applies and disclosure of this information would not constitute an unreasonable invasion of privacy, this number would be subject to production under the Public Records Act.
Reimbursed Expenses, Overtime Paid in Dollars and/orHours
Reimbursed expenses and overtime paid in dollars and/or hours clearly involve the payment of public funds. When a public employee's salary is public record and he or she receives payment in addition to this salary, it is reasonable to assume that any amount paid to the employee in excess of that salary would be public record as well. Again, there is no specific exception which applies and disclosure of this information would not be an unreasonable invasion of privacy, therefore, this information would be subject to production under the Public Records Act. This is consistent with the view in La. Atty. Gen. Op. No. 93-445(A), which found no expectation of privacy in an employee's expenses and reimbursements, because the expenses are incurred in the course of the employee's public employment and reimbursed with tax dollars.
Date of Birth, Age, Performance Ratings Completed bySupervisors of Employees, Mandatory and Elective Payroll Deductionsand the Payee of such Deductions
The remaining items of your request, date of birth, age, employee evaluations and mandatory and elective payroll deductions and the payee of such deductions, merit a closer examination under the right to privacy. As previously mentioned, in considering whether a right to privacy exists, the appropriate analysis is to first examine whether an individual has a subjective expectation of privacy in the information at issue. Then, it should be examined whether that expectation is one which society at large is prepared to recognize as reasonable. If a subjective and objective expectation of privacy is found, then the privacy interest must be weighed against the public's right to have knowledge of such information. As the right to privacy involves a balancing of two competing interests, i.e., the public's right to know and the individual's right to privacy, as well as an analysis of an individual and societal expectation of privacy, the answers provided below are merely an attempt to assist you in assessing these issues based on previous opinions and judicial decisions and is in no way meant to replace the custodian's obligation to make an individual determination of the appropriate action regarding a public records request. Because these issues call for a case-by-case *Page 6 
determination based on the facts and circumstances surrounding the record, it is crucial for the custodian to make an independent analysis in light of all relevant information. Any issue which involves a balancing of competing issues can, by necessity, lead to more than one reasonable conclusion. Just as two different judges could come to different conclusions in making a privacy determination on the same issue, it is conceivable for one judge to be approached with two different cases concerning the same privacy issue, and determine disclosure is appropriate in one instance, and inappropriate in the other based on the facts and circumstances surrounding each individual case.
Performance ratings completed by employee supervisors have been held to be protected by the right to privacy, as specifically addressed in Trahan v. Larivee.[14]Considering that the performance evaluation reports at issue included detailed comments of the rater concerning the employee's personal attitude and attributes, the court determined that "[t]o publish or disclose such personal opinions may embarrass or humiliate the employee among his fellow employees, friends or family. It may affect his future employment."[15] Additionally, the court questioned the candor or honesty that might be included by the person making the evaluation if that person knew that the evaluation was going to be made available to the public. Ultimately, the court concluded that the right to privacy prevailed over the public's right to have access to these documents.[16]
With regard to mandatory and elective payroll deductions and the payee of such deductions, it is the opinion of this office that employees have an expectation that these types of deductions would remain private and confidential. Further, the employee's expectation of privacy in such information is one which this office believes society at large is prepared to recognize as reasonable. Such deductions are records which are kept by the public body for personnel reasons, and the employee's privacy interest outweighs any interest the public may have in knowing the personal deductions of a public employee. This view is consistent with La. Atty. Gen. Op. No. 93-445(A) which opined that although the gross salary of an employee is public record, public employees have a reasonable privacy interest against the disclosure of certain tax related information, stating that information pertaining to "his or her tax exemptions, taxable wages, federal tax, FICA wages, FICA tax, Medicare wages, Medicare tax, and state tax" are protected from disclosure due to the right to privacy.[17] However, as noted in La. Atty. Gen. Op. No. 93-445(A), the payment of contributions made by an employer on the employee's behalf are mandated by statutes, and thus, it would be unreasonable for an employee to expect that such information would remain confidential. Payments *Page 7 
made by the public employer of medical benefits are similarly subject to release because "there is no reasonable expectation of privacy on behalf of the employee where such benefits are paid for with public funds." La. Atty. Gen. Op. No. 93-445(A).
Similarly, it is the opinion of this office that an individual public employee has an expectation that his or her date of birth and age will remain private, and that this expectation is something that society at large is prepared to recognize as reasonable. Although not binding on Louisiana and not an interpretation of the right of access and the right to privacy under Louisiana law, the following case law from other jurisdictions is persuasive in making the determination that such information should be protected from disclosure by privacy interests:
• In Scottsdale Unified School District No. 48 of Maricopa County v. KPNX Broadcasting Company, the Arizona Supreme Court recognized a privacy interest in teachers' birth dates, stating "[b]irth dates are information usually restricted to a class of persons, typically family members and friends. The only instance in which one divulges this information occurs in the business or workplace context where the information is a prerequisite for certain benefits, such as employee retirement and benefits calculations, the purchase of health or automobile insurance, credit applications, etc."[18]
• The federal court case of Oliva v. United States concerned the disclosure of birthdates of homeowners on an insurance premium list.[19]
Utilizing the exception under the federal Freedom of Information Act (FOIA) available for excluding information which constitutes an "unwarranted invasion of personal privacy," the court determined that the birthdates were not subject to disclosure. Citing a United States Supreme Court case on FOIA, [20] the court noted that the purpose of FOIA focuses on the right of citizens to be reasonably informed about what the government is up to, not to allow one private citizen to receive personal information about other private citizens, and that the purpose of FOIA is not furthered by disclosing information which reveals little or nothing about an agency's own conduct.[21]
A court would likely find a public employee has both a subjective and objective expectation of privacy in his or her date of birth and age. When weighing the employee's interest in keeping his or her date of birth and age a private matter against the minimal public interest in knowing such information, it is the opinion of this office that the privacy interest should prevail and this information should be redacted from records produced pursuant to a public records request. *Page 8 
Your opinion request also contains several questions relating to a custodian's obligations under the Public Records Act. Some of these questions involve the custodian's obligations in assessing the right of privacy of an employee, and some involve what a requestor may do with the information requested. While this opinion attempts to answer these questions, please keep in mind the fact that some of these questions involve issues which call for a fact-based analysis of the interests at hand. For this reason, any question that deals with issues in the abstract cannot be adequately addressed without an assessment of the relevant facts. A determination as to the appropriate response to a public records request is a duty of the custodian, and any issue which involves a balancing of competing interests must be performed by the custodian, or by a court of competent jurisdiction. This is especially relevant in determining the applicability of a privacy interest. It is the responsibility and duty of a custodian to provide access to public records, and the burden of proving a document is not subject to inspection rests with the custodian.[22] We have attempted to address the questions presented in your opinion request. However, due to the custodial burden described above, it is important to emphasize that any attempts to provide a general response to the questions asked are meant to assist the custodian in determining the appropriate response to a request.
1. Does a custodian of documents that are identified as public records by statute have a responsibility to an employee to deny public access to information when releasing information to a member of the public that would breach the employee's constitutional right of privacy?[23]
As our office recognized in La. Atty. Gen. Op. No. 87-282, "a custodian of public records is in a dilemma because of the potential for civil or criminal penalties provided in R.S. 44:31 et seq. for denial of access to anyone seeking public records, while there is also the prospect of civil liability for violation of a public employee's right of privacy by divulging confidential personal information." Therefore, if information requested is subject to a privacy interest, the custodian cannot release such information. A custodian can examine the relevant case law involving the right to privacy and the interpretive instructions for determining when information may be subject to the right to privacy in assessing the type of information requested by a member of the public. If a custodian finds him or herself uncertain about whether or not the record requested should be produced for inspection, the custodian may utilize the declaratory judgment procedure to obtain a judicial determination as to the status of the records.
2. Does a custodian of documents that are identified as public records by statute have the obligation to ask of all employees about whom information is stored *Page 9 
whether there are any personal interests or rights that may be adversely impacted or violated if the information requested is released to the public? An example of such an interest is an employee who fears assault by another if the person knows the location of the work place.
Again, the law provides the custodian with a responsibility and duty to provide access to public records.[24] This statute places the burden of proving that a public record is not subject to inspection, copying, or reproduction on the custodian. A custodian must assess whether the release of information subjects an employee to a legitimate threat, and the determination of whether the release of information adversely impacts or violates any legitimate personal interests or rights of the employee is a determination that simply must be made by a custodian and cannot be answered in the abstract.
3. Does a custodian of documents that are identified as public records by statute have a responsibility to an employee to deny public access to information when releasing the information to the public would adversely impact or violate a legitimate personal interest of that employee?
If the information requested falls within the constitutionally recognized right to privacy, under the analysis described above, the custodian of documents would have a responsibility to deny public access to the information.
4. Does a legitimate personal interest of an employee that would be adversely impacted or violated if certain information was released increase the likelihood that a constitutional right of privacy is held by that employee regarding that information? Is this legitimate personal interest determinative of whether such a constitutional right of privacy exists? If it is not, what other factors should be considered in determining whether a constitutional right of privacy exists?
As described above, an individual's subjective expectation of privacy is one part of the analysis in determining whether a legitimate privacy interest protects certain information from disclosure. The proper analysis for determining whether a constitutionally recognized right to privacy exists is described above.
5. Further, would a constitutional right of privacy of individual employees be breached when information that was otherwise public was requested not for identified employees, but for all employees about whom identified information was held when the information is placed on the internet with no limitation of access there? Asked differently, when the otherwise public information that is requested is to be published on the internet by the requesting party for access and use by any person with access to the internet, does a public employee have an expectation that information held by his employer will not be released to the requesting party, and is that an expectation that the public is willing to uphold? *Page 10 
A public employee does not have a reasonable expectation that an employer will limit the use of public information, nor can a public body be held responsible for the manner in which a requestor uses public information. A custodian may not inquire as to the reasons a requestor is making a public records request, as his or her purpose cannot affect his or her right to view a public document.[25] Therefore, it is difficult for a public employee to expect the public body to know the purpose for which a requestor seeks certain information or to expect the public body to have control over the requestor's ability to share public information with others.
6. Does a custodian of documents have an obligation to an employee to deny public access to certain information where release of the information would increase the likelihood of the theft of the identity of that employee? Do you view any of the bits of information identified above as increasing the likelihood of the theft of the identity of that employee if the information was released to a member of the public who was going to publish the information on the internet?
Similar to the answers to Questions 1 and 3, when analyzing the release of public information and no specific statutory exception applies, the custodian should make a determination as to whether the information should be made public or protected by the right to privacy based upon the interpretive instructions provided by the courts and taking into account the relevant facts and circumstances at issue.
7. Does a custodian of documents have an obligation to ask a member of the public requesting information about employees what they intend to do with the information when the custodian has reasonable cause to believe that the use of the information may damage an individual's personal interest or violate that employee's constitutional right of privacy?
Again, a custodian does not have an obligation to ask a requestor what they intend to do with the information. Further, the Public Records Act prohibits a public entity from asking what a requestor intends to do with public records.[26] The requested information either falls within a protected right of privacy or it does not, and this controls whether or not the information should be protected from disclosure.
8. Does a custodian of documents have an obligation to an employee to tell the employee that a member of the public has requested personal information about that employee in order to give the employee an opportunity to assert any rights preventing such release the employee deems to exist?
There is nothing in the Public Records Act which imposes an obligation on an employer to disclose that a public records request has been made for information which concerns that employee. However, the employer has an obligation to withhold any information *Page 11 
which is protected by the right to privacy embodied in the Louisiana Constitution. It may not be a bad practice to notify employees when information has been requested which concerns them. However, the Public Records Act does not impose an obligation on the public body to do so. We note that in the case of Hays v. Lundy, the custodian, upon receipt of a public records request for employee addresses, sent an election form to all employees for the purpose of allowing the employees the opportunity to opt for confidentiality with respect to their home address.[27] Examining the language of La.R.S. 44:11, which does not provide a time period within which an employee may request his or her address be kept confidential, and the fact that the employees had not previously been told of their right to confidentiality, the court found it was proper for the custodian to notify employees of their rights and to elect confidentiality.[28]
9. What is the correct standard to be applied to determine if there is a constitutional right of privacy vesting in an individual employee that would be breached if information to which the right applied was released to a member of the public?
The correct standard for determining whether a constitutionally recognized right to privacy exempts certain information from disclosure is enunciated above, on pages 2-3.
We hope that this opinion has adequately addressed the legal issues you have raised.
If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: _____________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] Title Research Corp. v. Rausch, 450 So.2d 933 (La. 1984);Landis v. Moreau, 00-1157 (La. 2/21/01), 779 So.2d 691.
[2] La.R.S. 44:31.
[3] La.R.S. 44:5 provides, in pertinent part:
A. This Chapter shall not apply to any records having been used, being in use, possessed, or retained for use by the governor in the usual course of the duties and business of his office relating to the deliberative process of the governor, intra-office communications of the governor and his internal staff, the governor's security and schedule, or communications with or the security and schedule of the governor's spouse or children.
B.(1) Except as otherwise provided in this Subsection, the provisions of this Section shall not apply to any agency, office, or department transferred or placed within the office of the governor.
[4] La.R.S. 44:1(A)(2)(a).
[5] See Copeland v. Copeland, 07-0177 (La. 10/16/07),966 So.2d 1040, citing DeSaLvo v. State,624 So.2d 897, 901 (La. 1993), cert. denied,510 U.S. 1117, 114 S.Ct. 1067, 127 L.Ed. 386 (1994); Capital CityPress v. East Baton Rouge Parish Metro Council, 96-1979 (La. 7/1/97), 696 So.2d 562; East Bank ConsolidatedSpecial Service Fire Protection District v. Crossen, 04-838 (La.App. 5 Cir. 2004), 892 So.2d 666; Local 100, ServiceEmployees, International Union v.Smith, 36,454 (La.App. 2 Cir. 10/23/02), 830 So.2d 417, writnot considered 02-2858 (La.1/31/03), 836 So.2d 75.
[6] Id.
[7] The opinions referenced infra represent a sample of previous opinions from our office addressing these issues; such references are by no means exhaustive.
[8] See La. Atty. Gen. Op. Nos. 92-715 (names of public employees of a parish must be disclosed); 81-353 (records containing the names of city employees are public records subject to disclosure); 85-274 (names of public employees of an assessor are subject to inspection under the Public Records Law); 98-26 (sheriff department employees' names and salaries are generally subject to release); 93-445(A) (names of school board employees are subject to disclosure); 93-482 (names of university employees are subject to disclosure).
[9] See La. Atty. Gen. Op. Nos. 92-715 (salaries of parish employees are subject to inspection under the Public Records Act); 81-353 (records containing the salaries of city employees are public records subject to disclosure); 85-274 (salaries of public employees of an assessor are subject to inspection under the Public Records Law); 93-482 (salaries of university employees are subject to disclosure); 93-445(A) (a public employee has no reasonable expectation of privacy against the disclosure of salary information because that employee is being paid by the public with tax dollars and, therefore, the public clearly has a right of access to this information).
[10] See La. Atty. Gen. Op. Nos. 92-715 (job titles of parish employees are subject to inspection under the Public Records Act) and 85-724 (job titles of public employees of an assessor are subject to inspection under the Public Records Law).
[11] See La. Atty Gen. Op. No. 85-724 (dates of employment of public employees of an assessor are subject to inspection under the Public Records Law).
[12] See La. Atty Gen. Op. No. 92-715 (La.R.S. 44:11 excepts the home address of a public employee where the employee has indicated he wishes such to remain confidential) and 01-435 (discusses the tension in the case law about address confidentiality).
[13] See La. Atty. Gen. Op. No. 85-724.
[14] 365 So.2d 294 (La.App.3 Cir. 11/15/1978).
[15] Id. at 299
[16] See also La Atty. Gen. Op. No. 85-724, which recognizes that employee performance evaluations should not be revealed pursuant to a public records request.
[17] The opinion also states that this tax information requires the consideration of personal data which has little or no relation to public employment and therefore, it is reasonable for the employee to assume such information will remain confidential when there is no overriding public interest in access to this information
[18] 955 P.2d 534, 538-39 (Ariz. 1998).
[19] 756 F.Supp. 105 (E.D.N.Y. 1991).
[20] United States Dep't of Justice v. Reporters Comm.,489 U.S. 749, 109 S.Ct. 1468, 1481, 103 L.Ed.2d 774 (1989).
[21] Id. at 106.
[22] La.R.S. 44:31.
[23] Please note that with respect to the manner in which Questions 1-3 are worded, we would like to clarify that La.R.S. 44:1(A)(2)(a), reproduced on page two of this opinion, provides a list of records which are public records, except as otherwiseprovided in the Public Records Act or theLouisiana Constitution. Therefore, if the release of a record would breach an employee's constitutional right of privacy, or falls within another exception provided by law, it is not a "public record" under La.R.S. 44:1(A)(2)(a).
[24] La.R.S. 44:31.
[25] La.R.S. 44:32(A).
[26] La.R.S. 44:32(A).
[27] 616 So.2d 265, 266 (La. App. 2 Cir. 3/31/93), reviewgranted, affirmed as amended by 621 So.2d 616 (La. 1993).
[28] Id. at 267-68.