Dear Representative Connick:
Our office received a request from you to reconsider the position taken in La. Atty. Gen. Op. No. 09-0240, which opined that the score or rating sheets completed by Avoyelles Parish Police Jurors in evaluating applicants for registrar are not subject to production under the Public Records Act, La.R.S. 44:1 et seq., due to the constitutional right to privacy. Enclosed with your request for reconsideration, you have provided a copy of one of the score sheets used by one of the police jurors.
As indicated in La. Atty. Gen. Op. No. 09-0240, the appropriate method described by the courts to determine whether or not an individual has a constitutionally recognized privacy interest in certain documents is to first look at whether the individual has an actual or subjective expectation of privacy. Then, it must be considered whether an objective expectation of privacy exists, and whether the individual's expectation of privacy is one that society at large is prepared to recognize as reasonable. If both a subjective and objective expectation of privacy is found, the privacy interest is weighed against the public's right to know. This analysis is done on a case-by-case basis, depending on the particular facts and circumstances at issue in each situation.[1]
The decision to produce the score or rating sheets completed by the police jurors involves two competing constitutional interests, [2] and we note that an analysis involving a balancing of competing interests can, by necessity, lead to more than one reasonable *Page 2 
conclusion. However, we have provided you with further detail which guided our analysis of the issues in La. Atty. Gen. Op. No. 09-0240.
La. Atty. Gen. Op. No. 09-0240 considered, by analogy, the privacy analysis performed in Trahan v. Larivee in assessing whether the right to privacy should protect the score or rating sheets from disclosure pursuant to a public records request.[3] The employee performance sheets at issue in Trahan contained twenty-five factors to be considered by the supervisor, and a box whereby the supervisor assigned a numerical value indicating the performance of the employee with respect to that particular factor. In concluding that the right to privacy outweighed the public's right of access, the court stated as follows:
By giving the employee a certain point rating in each factor, the rater is expressing an opinion as to that employee's aptitude as to that factor. The opinion of the rater may be based upon hearsay, fact, or any other reason he may want to use for giving an employee a certain rating.
[. . .]
It can be said that these reports serve as a management tool in the administration of efficient government. To accomplish this, the administrator needs an evaluation which is as accurate as possible. He needs one which is objective and candid. Confidentiality of these evaluations is vital. If the person making the evaluations knew that they may be disclosed to the public, his evaluation may easily be less than accurate, objective or candid. The public interest in efficient government is better served by keeping these evaluations confidential.[4]
Similar to the employee performance sheets in Trahan, the score or rating sheets used by the Avoyelles Parish Police Jurors provided a space for a numerical value to be assigned to each applicant. When giving each applicant a point rating, the rater expressed an opinion as to the applicant's aptitude for the position of registrar. The police jurors completing the score or rating sheets may have based the rating "upon hearsay, fact, or any other reason he or she may want to use."
Additionally, it can be said that these scorecards serve as a "tool in the administration of efficient government." To accomplish this, the rater needs to provide objective, candid, accurate opinions. Like the performance reports in Trahan, these score or rating sheets *Page 3 
were used as tools. In Trahan, these tools assisted the supervisor in making future decisions regarding that individual's employment. In the situation addressed in La. Atty. Gen. Op. No. 09-0240, these tools assisted the police jurors in choosing the individual best suited for the position of registrar. The score or rating sheet you have provided with your request for reconsideration further supports the opinion that these documents should be protected from disclosure. The sheet identifies the name of the police juror making the evaluation, and discloses the numerical value assigned to each applicant. This is the same type of information protected in Trahan.
Accordingly, our opinion remains the same: the score or rating sheets completed by Avoyelles Parish Police Jurors in evaluating applicants for the position of registrar are not subject to production under the Public Records Act due to the constitutional right to privacy provided by La.Const. art. I, § 5. The materials enclosed with your request for reconsideration do not warrant a change in the conclusion.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] See Copeland v. Copeland, 07-0177 (La. 10/16/07),966 So.2d 1040; Capital City Press v. East Baton Rouge ParishMetro Council, 96-1979 (La. 7/1/97), 696 So.2d 562, 566;East Bank Consolidated Special Service Fire Protection District v.Crossen, 04-838 (La.App. 5 Cir. 12/28/04), 892 So.2d 666; Local 100, ServiceEmployees, International Union v.Smith, 36,454 (La.App. 2 Cir. 10/23/02), 830 So.2d 417, writnot considered 02-2858 (La.1/31/03), 836 So.2d 75.
[2] The constitutional provisions addressed in La. Atty. Gen. Op. No. 09-0240 were the public's right of access to public information, La.Const. art. XII, § 3, and an individual's right to privacy, La.Const. art. I, § 5.
[3] 365 So.2d 294 (La.App. 3 Cir. 11/15/78), writ denied,365 So.2d 294 (La. 1/12/79). Please note that Trahan has been cited by the Louisiana Supreme Court in Copeland v. Copeland, 07-0177, p. 8 (La 10/16/07), 966 So.2d 1040, 1046; Bester v.Louisiana Supreme Court Committee on Bar Admissions
00 1360, p. 10 (La. 2/21/01), 779 So.2d 715, 720; DeSalvo v.State, 624 So.2d 897, 901 (La. 1993); State v. Perry,610 So.2d 746, 756 (La. 1992); and Jaubert v. Crowley Post-Signal,Inc., 375 So.2d 1386, 1388 (La. 1979).
[4] Trahan at 300.