LFOGG, J.
Plaintiff, Elmer Hilbun, appeals a judgment declaring that an investigative report, concerning his alleged inappropriate behavior while working for the State of Louisiana, Division of Administration, Office of Telecommunications Management (DOA), is not subject to a public records request under LSA-R.S. 44:1 et seq. For the following reasons, we reverse.
Elmer Hilbun was employed by DOA and served with permanent status in the classification of Telecommunications Technical Analyst 3. In November of 1996, DOA received a complaint wherein allegations of certain improprieties were made against Hilbun. On December 21, 1996, DOA contracted with Evans Roberts to “interview the complainant, parties named within the complaint and any parties identified as a result of the investigation.” By *1190 this contract, Roberts was required to maintain copies of all documentation resulting from the investigation and provide a written report detailing his findings and recommendations. The contract further provided that, upon completion of the investigation, all records, reports, worksheets and other materials were to become the property of the State of Louisiana. Roberts conducted an investigation and formulated a report summarizing his findings and recommendations.
On June 14, 1997, Hilbun made written demand upon DOA for a copy of any and all reports generated by Roberts regarding the investigation. Subsequently, Hil-bun made additional requests. DOA denied all of the requests.
On August 27, 1997, Hilbun filed the instant petition for declaratory judgment, naming as defendants DOA and various employees who were interviewed by Roberts, and seeking production of the investigative report prepared by Roberts in accordance with LSA-R.S. 44:1 et seq. Hilbun also sought damages and attorney’s fees. Each party filed a motion for summary judgment. The trial |3court granted the defendants’ motion and denied the plaintiffs motion. This appeal followed. On appeal, Hilbun asserts solely that the trial court erred in concluding that, due to the privacy interests of those employees interviewed by Roberts, DOA is not required to furnish the investigative report requested by Hilbun.
It is undisputed that DOA is a public body under the provisions of LSA-R.S. 44:1 et seq., and the records requested are public records under those provisions. Also, the investigative report is not subject to any specific exemption established by law that would shield it from disclosure to the public. See LSA-R.S. 44:1 et seq.
Because there is no statutory exemption from the public’s right to access public records for investigative reports, we must next consider the defendants’ privacy concerns to determine whether they rise to the level of rights that are constitutionally protected under Louisiana Constitution, Article 12, Section 13. See Capital City Press v. East Baton Rouge Parish Metropolitan Council, 96-1979 (La.7/1/97), 696 So.2d 562. Constitutional protection from the public’s right to access public records applies only where one has a reasonable expectation of privacy in the matter sought to be protected. To determine whether one has a reasonable expectation of privacy which is constitutionally protected, we must consider not only whether the person had an actual or subjective expectation of privacy, but also whether that expectation is of a type which society at large is prepared to recognize as being reasonable. Capital City Press v. East Baton Rouge Parish Metropolitan Council, 96-1979 (La.7/1/97), 696 So.2d 562; State v. Ragsdale, 381 So.2d 492 (La.1980).
The investigative report written by Roberts may contain facts that would cause those questioned about Hilbun’s conduct discomfort. However, facts which concern the daily operation of DOA are not protected by law from disclosure as they are not | ¿private in nature. A public employee in Louisiana has no reason to expect that his or her interviews concerning personnel problems will be kept private. Accordingly, as in the Capital City Press case, there is no need to balance conflicting constitutional rights, because there is no right to privacy in this case. Nevertheless, any private matters contained in the investigative report may not be diselosable if disclosure would expose the employee to public disgrace or would constitute an unreasonable invasion into a person’s seclusion, solitude, or private life. For the foregoing reasons, we find the trial court erred as a matter of law in finding that the investigative report requested by the appellant was not subject to the Louisiana Public Records Law.
The trial court did not award the plaintiff attorney’s fees because the defendants prevailed initially. However, because we find that the plaintiff can have access to *1191 the investigative report, the plaintiff has prevailed, and he is entitled to reasonable attorney’s fees and other costs of litigation. LSA-R.S. 44:35(D).
Accordingly, the judgment of the trial court is reversed and judgment' is rendered ordering the defendants to release the investigative report compiled by Evans Roberts. The defendants may delete or strike from the report any information that is specifically excluded by law. The case is remanded to the trial court for a determination of reasonable attorney’s fees and costs.
REVERSED AND REMANDED.