LLeBLANC, J.
The issue in this matter is whether the employee grievance records or the names of agency employees who filed grievance proceedings pursuant to Louisiana Department of Environmental Quality (DEQ) Policy # 1008-88 are subject to disclosure pursuant to Louisiana’s Public Records Law, La. R.S. 44:1, et seq. This issue requires us to balance the competing interests of an individual’s right to privacy, guaranteed by Article I, Section 5 of the *714 Louisiana Constitution, versus the public’s right of access to, and disclosure of, public records guaranteed by Article 12, Section 3 of the Louisiana Constitution and La. R.S. 44:1, et seq.
Procedural History
In August, 1998, the plaintiff, Gary M. Broderick, an employee of DEQ, made a written request to his employer seeking access to DEQ’s employee grievance procedure files. Specifically, Broderick wanted to review the five most recent DEQ Step 4 grievance procedure files, excluding his own, three Step 4 grievance procedure files from the previous administration, and three Step 4 grievance procedure files from the Roemer administration. In his request, he stated, “I believe my review of the files may be helpful to the Department by identifying ways to improve the Secretary’s Grievance Procedure.” The record does not contain DEQ’s direct response to Broderick’s request; however, subsequent correspondence from Broderick indicates DEQ expressed concern regarding the privacy of such records. This correspondence states the following:
Thank you for looking into my attached request.
Please understand that I do not desire to intrude into someone’s privacy or private grievance without their [sic] knowledge or permission.
I am pleased to ask each Step 4 Griev-ant [sic] for their [sic] permission to review their [sic] grievance file, and obtain a signed release from each Grievant [sic] before reading their [sic] file.
This will require DEQ’s release the Grievants’ [sic] names to me.
LDEQ then requested an attorney general opinion regarding the applicability of the public records act to agency employee grievance records. Although the record does not contain the attorney general’s response, a December, 1998 letter from Broderick to DEQ making a final request to review the files states:
Because it is my understanding that the Attorney General’s assistant attorney advised your legal staff on November 7, 1998, that he considers the DEQ Grievance Procedure records “Public Records” not specifically excluded by legislation from unrestricted public access ... I believe DEQ is acting contrary to law.
Soon thereafter, on January 7, 1999, Broderick filed a petition for injunction or, alternatively, for writ of mandamus and attorney’s fees, seeking review of the requested records. A hearing was held on September 20, 1999, during which the trial court held an in-camera inspection of the employee grievance files submitted by DEQ, and on September 24, 1999, a judgment was signed denying Broderick’s petition. This appeal by Broderick followed.
At the hearing, Broderick argued that release of the records sought was important “so that the public can have a chance to understand if a good faith effort is being made to resolve problems within these agencies.” On appeal, Broderick argues that an individual who initiates an employee grievance procedure has no objective reasonable expectation of privacy regarding those records. Broderick further maintains that even if an expectation of privacy exists, the public’s right to access the grievance procedure files outweighs any such privacy interest.
The department maintains that given the potential that disclosure would cause embarrassment or humiliation to an employee, or that it may be detrimental to the reputation, and/or evaluation, and/or future employment of the complainant, or the supervisors, witnesses or other persons who participate in the grievance process, the requested disclosure would be an | ¿unwarranted invasion of the employee’s individual right to privacy, and such interest is not outweighed by any public interest.
The trial court commented that, based on its review of the files available to it, the *715 procedure required that personal information concerning the aggrieved as well as “a whole bunch of other employees’ names being mentioned and what they said.” The trial court concluded that “if an individual didn’t have anything to do other than go down to DEQ and read what’s going on in there, a person could take that information and ... could cause those individuals all kind of embarrassment in the community, at their church or on the job. I just think that what we’re talking about here isn’t the type of material that would help your cause in this case.”
Implicit in the trial court’s statements is a finding that an employee has a reasonable expectation of privacy regarding his grievance file and that the plaintiff failed to show any public interest that could be met by the disclosure that would outweigh the privacy interest of the individual employee.
The right to privacy in Louisiana has been described as “the right to be ‘let alone,’ ... and to be free from ‘unnecessary public scrutiny.” ’ Capital City Press v. East Baton Rouge Parish Metropolitan Council, 96-1979, p. 8 (La.7/1/97), 696 So.2d 562, 566, citing DeSalvo v. State, 624 So.2d 897, 901 (La.1993). “The right of privacy protects varied interests from invasion. Among the interests protected is the individual’s right to be free from unreasonable intrusion into his seclusion or solitude, or into his private affairs.... [T]he right is not absolute; it is qualified by the rights of others.... The right of privacy is also limited by society’s right to be informed about legitimate subjects of public interest.” Capital City Press, 96-1979 at 9, 696 So.2d at 566, citing Parish National Bank v. Lane, 397 So.2d 1282, 1286 (La.1981). The jurisprudence reveals that the balancing of these competing Isinterests is done on a case-by-case basis given the particular facts and circumstances of each case that impact those interests.
In our latest analysis balancing these competing interests, Hilbun v. State Through Division of Administration, 98-1993, p. 3-4 (La.App. 1 Cir. 11/5/99), 745 So.2d 1189, 1190, we concluded:
[F]acts which concern the daily operation of DOA are not protected by law from disclosure as they are not private in nature. A public employee in Louisiana has no reason to expect that his or her interviews concerning personnel problems will be kept private.
In Hilbun, we found the investigative report being sought by petitioner subject to the public records law. However, we cautioned that in a case-by-case determination, the result would not necessarily be the same:
Nevertheless, any private matters contained in the investigative report may not be disclosable if disclosure would expose the employee to public disgrace or would constitute an unreasonable invasion into a person’s seclusion, solitude or private life.
Hilbun, 98-1883 at 4, 745 So.2d at 1190.
In the instant case, the trial court inspected the files and found as a matter of fact that the information contained therein had the potential to cause embarrassment to various individuals due to the private nature thereof. Thus, there is a reasonable expectation of privacy regarding the contents of those files. Furthermore, the trial court also found that the competing public interest was outweighed by the privacy interest, particularly because it found that the public interest would not be further served by disclosure. Appellant has failed to show error in either of these findings, and we find none. Accordingly, the judgment of the trial court denying Broderick’s petition is affirmed. Costs of this appeal are assessed to the appellant, Broderick.
AFFIRMED.