Dear Professor Lamonica:
You have requested an opinion from our office on whether investigative/audit procedures performed by the LSU System in an effort to reduce fraudulent conduct is an exception to the accessibility of public records provided for in the Louisiana Constitution, Article 12
§ 3. The constitutional provision should be applied liberally, allowing denial of such access only if the exception claimed falls under the exceptions specifically enumerated in LSA R.S. 44:4.1.
LSA R.S. 44:4.1A requires that any exception to the laws pertaining to the public records be specifically listed to have effect. LSA R.S.44:4.1B(25) cites LSA R.S. 42:6.1 as one of the "exceptions, exemptions, and limitations to the laws pertaining to public records."
LSA R.S. 42:6.1A(4), as you have mentioned in your opinion request, would allow the LSU Board or a committee or subcommittee of the Board to conduct an investigation in an executive session. If the executive session involved complies with the requirements of LSA R.S. 42:6, the proceedings can be excluded from the public record. LSA R.S. 42:6 and LSA R.S. 42:6.1A(4) state:
42:6
 A public body may hold executive sessions upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:7, of two-thirds of its constituent members present. An executive session shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:6.1; however, no final or binding action shall be taken during an executive session. The vote of each member on the question of holding such an executive session and the reason for holding such an executive session shall be recorded and entered into the minutes of the meeting. Nothing in this Section of R.S. 42:6.1
shall be construed to require that any meeting be closed to the public, nor shall any executive session be used as a subterfuge to defeat the purposes of R.S. 42:4.1 through 42:8.
 42:6.1A
 A public body may hold an executive session pursuant to R.S. 42:6 for one or more of the following reasons: (4) Investigative proceedings regarding allegations of misconduct.
If the LSU Board or one of its committees proceeds with the investigations through the use of executive sessions, Parent-CommunityAlliance for Quality Education, Inc. v. Orleans Parish School Board,385 So.2d 33, would provide some practical guidelines. The court allowed extensive interviews to take place in multiple concurrent executive sessions. They noted that the "law as amended simply requires an affirmative vote of two-thirds of the constituent members present at an open meeting, for which notice has been given, to authorize executive sessions." (at page 39). As it existed prior to 1976, the public body was required to announce the specified time the recess would end.
If the investigative information is collected outside of an executive session, it could become public record. The constitutional provision is construed liberally, in favor of the public. In Hilbun v. State ofLouisiana Through Division of Administration, 745 So.2d 1189, the court stated the investigative reports relating to Hilbun's alleged inappropriate behavior were not subject to any specific exemption as established in LSA R.S. 44:4.1 above. Because there was no statutory exemption, the court could have only denied the public's access to such records if it had been shown there was a reasonable expectation of privacy. The court in Hilbun held that there was no reasonable expectation of privacy, neither actual nor one that society is prepared to recognize as reasonable. In dicta, the court stated "Nevertheless, any private matters contained in the investigative report may not be disclosable if disclosure would expose the employee to public disgrace or would constitute an unreasonable invasion into a person's seclusion, solitude, or private life." (at page 1190).
Based on the statutes and cases referenced above, it is the opinion of this office that the LSU Board or one of its committees or subcommittees could conduct interviews to investigate alleged fraudulent conduct in an executive session. As such, records of the proceedings would not qualify as public records. I believe the above should sufficiently answer your request. Should you need additional information please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ______________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB;jnp
Date Released: April 25, 2003
CHARLES H. BRAUD, JR.
Assistant Attorney General