892 So.2d 666 (2004)
EAST BANK CONSOLIDATED SPECIAL SERVICE FIRE PROTECTION DISTRICT; and Edward L. Goldman
v.
Mikel C. CROSSEN.
No. 04-CA-838.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 2004.
*667 Louis G. Gruntz, Jr., Jefferson, LA, for Plaintiff/Appellee, Edward L. Goldman.
Debra Gail Miller, Jefferson, LA, for Plaintiff/Appellee, East Bank Consolidated Special Service Fire Protection District.
Louis L. Robein, Robein, Urann & Lurye, Metairie, LA, for Intervenor/Appellee, Jefferson Parish Firefighters Assn.
Gilbert R. Buras, Jr., New Orleans, LA, for Defendant/Appellant.
*668 Daniel R. Martiny, Martiny & Associates, Metairie, LA, Amicus Curiae, Sheriff Harry Lee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Defendant, Mikel Crossen, appeals from a declaratory judgment in favor of plaintiffs, finding that the personnel records of Assistant Chief Ed Goldman are exempt from the Public Records Doctrine, La. R.S. 44:1, et seq. For the reasons that follow, we affirm the decision of the trial court.
On April 28, 2003, the Eastbank Consolidated Special Service Fire Protection District and Edward Goldman filed a Petition for Declaratory Judgment. In the petition, plaintiffs alleged that defendant Mikel Crossen filed an appeal from a disciplinary action against him, and that in the course of that action, he sought production of the complete personnel file of Assistant Chief Ed Goldman. After discovery was denied, Crossen gave a written request for production of Goldman's file alleging that he was entitled to the file under the Louisiana Public Records Doctrine, La. R.S. 44:1. Chief Goldman invoked his right of privacy under the Fourth Amendment to the United States Constitution and Louisiana Constitution Article 1, Section 5. In the petition that instituted this proceeding, plaintiffs sought a declaratory judgment, seeking a ruling that Goldman was proper in the exercise of his right to privacy and that Crossen was not entitled to the personnel records of Goldman under the La. R.S. 44:1 et seq.
On April 29, 2003, the Jefferson Parish Firefighters Association Local Union No. 1476, AFL-CIO, and its president, Robert Burkett, filed an intervention in this suit in support of Chief Goldman.
On June 9, 2003, Crossen filed an Answer and Reconventional Demand for Writ of Mandamus, requesting that the Eastbank Consolidated Special Service Fire Protection District produce Chief Goldman's personnel records or show cause why said records should not be produced, pursuant to La. R.S. 44:35. Crossen's demand for writ of mandamus was denied by the trial court on July 25, 2003.
Harry Lee as Sheriff of Jefferson Parish, Nick Congemi as Chief of Police for the City of Kenner, and the City of Gretna each filed an amicus curiae brief in support of plaintiffs.
On July 10, 2003, the trial court ordered that the record be produced for in camera inspection. On August 6, 2003, after conducting an in camera inspection of Chief Goldman's personnel file, the trial court rendered judgment in plaintiffs' favor, finding that the personnel file of Edward L. Goldman is exempt from the Public Records Act, and that the Eastbank Consolidated Special Service Fire Protection District is not required to produce said record to Crossen.
Crossen appeals from this judgment of the trial court.
The public's right of access to public records is a fundamental right guaranteed by both the Louisiana Constitution and the Public Records Law, La. R.S. 44:1 et seq.
Article XII, § 3 of the Louisiana Constitution of 1974 provides that "No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law."
The provision of the constitution must be construed liberally in favor of free *669 and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see. To allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights.
Title Research Corp. v. Rausch, 450 So.2d 933, 936 (La.1984).
La. R.S. 44:31(B) provides in pertinent part that:
(1) Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy, or reproduce, or obtain a reproduction of any public record.
(2) The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian.
As with the constitutional provision, the Public Records Act must be construed liberally in favor of access and any doubt must be resolved in favor of the right of access. Landis v. Moreau, 00-1157 (La.2/21/01), 779 So.2d 691, 694-5. Any exemption to the Public Records Act is in derogation of the public's right to be reasonably informed and must be narrowly interpreted. Times Picayune Pub. Corp. v. Board of Sup'rs of Louisiana State Univ., 02-2551 (La.App. 1 Cir. 5/9/03), 845 So.2d 599, 605, writ denied, 03-1589 (La.9/5/03), 852 So.2d 1044. All exceptions, exemptions, and limitations to the laws pertaining to public records and their disclosure pursuant to this Act must be provided for in the Act or in the Louisiana Constitution. La. R.S. 44:4.1; Angelo Iafrate Const., LLC v. State, DOTD, 03-0892 (La.App. 1 Cir. 5/14/04), 879 So.2d 250, 254, writ denied 04-1442 (La.9/24/04), 882 So.2d 1131.
La. Const. of 1974, Art. I, § 5 provides that "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." The right to privacy in Louisiana has been described as the right to be let alone and to be free from unnecessary public scrutiny. Capital City Press v. East Baton Rouge Parish Metro. Council, 96-1979 (La.7/1/97), 696 So.2d 562, 566. The right of privacy protects varied interests from invasion. Among the interests protected is the individual's right to be free from unreasonable intrusion into his seclusion or solitude, or into his private affairs. However, the right to privacy, like other personal rights, may be lost in many ways, such as by express or implied waiver or consent, or by a course of conduct which prevents its assertion. Moreover, the right is not absolute; it is qualified by the rights of others. The right is also limited by society's right to be informed about legitimate subjects of public interest. Id., at 566.
In ascertaining whether individuals have a reasonable expectation of privacy that is constitutionally protected, a court must determine not only whether the individual has an actual or subjective expectation of privacy, but whether that expectation is also of a type which society is prepared to recognize as being reasonable. Angelo Iafrate Const., LLC v. State, DOTD, supra 879 So.2d at 255; Local 100, Service Employees, International Union v. Smith, 36,454 (La.App. 2 Cir. 10/23/02), 830 So.2d 417, writ not considered, 02-2858 (La.1/31/03), 836 So.2d 75.
When a request for public records is at issue, the custodian or the individual *670 claiming the privacy right must prove that there is a reasonable expectation of privacy against disclosure of the information to a person entitled to access to the public information. If, and only if, a reasonable expectation of privacy is found, the court must weigh or balance the public records disclosure interest against the privacy interest. Angelo Iafrate Const., LLC, supra 879 So.2d 250; Webb v. City of Shreveport, 371 So.2d 316, 319 (La.App. 2nd Cir.1979), writ denied, 374 So.2d 657 (La.1979). The balancing of these competing interests is done on a case-by-case basis given the particular facts and circumstances of each case that impact those interests. Broderick v. State, Dept. of Environ., 00-0156 (La.App. 1 Cir. 5/12/00), 761 So.2d 713, 715, writ denied 00-1714 (La.9/15/00), 768 So.2d 1284.
In this appeal, Crossen alleges that Goldman's personnel file is a public record, and that as a public employee in the fire civil service, Goldman has no expectation of privacy in disciplinary proceedings or records. Crossen further argues that the trial court erred in exempting the entirety of Goldman's file. Finally, Crossen argues that the ex parte protective order issued by the trial judge is a nullity.
In this case, Crossen's request for production seeks
The complete personnel file of Assistant Chief Ed Goldman, Sr., including, but not limited to, records of all disciplinary actions, reprimands, apologies, and other personnel documents of whatever kind or description maintained by the East Bank Consolidated Special Service Fire Protection District.
We believe that a public employee does have an expectation of privacy in such information, and that this expectation is of a type which society at large is prepared to recognize as reasonable. In accord we find Trahan v. Larivee, 365 So.2d 294, 300 (La.App. 3 Cir.1978), writ denied 366 So.2d 564 (La.1979), in which the court found that there was a reasonable expectation of privacy in evaluation reports of the department directors for the City of Lafayette, stating that
... the evaluation report is very personal and directly affects the employee. To publish or disclose such personal opinions may embarrass or humiliate the employee among his fellow employees, friends or family. It may affect his future employment. Humiliation or embarrassment could flow even though the rating would be "outstanding" as this rating may create envy or jealousy in other employees.
See also Local 100, supra, (the right of privacy in an employee's organization affiliations upheld); Broderick v. State, Dept. of Environ., supra, (employee grievance records).
We also find support in Capital City Press, supra. In that case, the court held that while a person did not have a per se expectation of privacy in a resume or employment application, if that resume or application "contains facts which would expose the applicant to public disgrace, are clearly private in nature, or are protected by law from disclosure, then that resume or application, or the private matters contained therein, may not be disclosable depending on the circumstances." 696 So.2d at 567.
In this case, we find that the trial court did not err in ruling that Goldman's personnel records were exempt from the Public Records Act.
Crossen next alleges that the trial court erred in ruling that the entire file was protected from discovery. The record shows however, that prior to the trial court's ruling, it conducted an in camera inspection to determine whether the information *671 contained therein was protected or discoverable. Accordingly, we find no error in the trial court's ruling exempting the entire file.
In his last allegation of error, Crossen challenges the protective order issued ex parte by the trial court. The record before us reflects that Crossen did not challenge the order in the trial court, nor did he file for supervisory review. Furthermore, after the order was obtained, Crossen's right to obtain the documents protected by the order was litigated by the trial court in the hearing on his petition for mandamus, and in the trial of Goldman's petition for declaratory judgment, and is the subject of this appeal. Accordingly, this issue is rendered moot.
For the above discussed reasons, the decision of the trial court finding that the personnel file of Edward L. Goldman was not subject to production under the Public Records Act is affirmed. All costs are assessed against appellant.
AFFIRMED.