Dear Chief Squyres:
Our office received your request for an opinion as to the privacy interest of individuals registered with 911. More particularly, we understand that the Catahoula Parish 911 Communications District (District) has provided you with access to its database of numbers and roads, streets, or highways associated with a particular 911 number, but will not provide you access to the names associated with this information contained in its database, claiming the names are not subject to disclosure due to a privacy interest. The District has informed us that upon receiving a 911 call that requires emergency services, the District relays the relevant information received from the caller to the appropriate emergency responders, including the name, address, and assistance requested. In other words, when emergency services are requested, the District provides you with the name and address of the 911 number. The dispute, as we understand it, concerns the right of access to this information when there has been no request for services by the resident. Although your request letter states that if you received this information from the District, you could respond faster and more efficiently to emergency calls, the District maintains that this is not the case, and that you are provided with all the relevant information to assist a caller requesting assistance when a call is received. As we are not a fact-finding body, we proceed with this opinion on the issue of whether or not the information should be made publicly available and do not address the issue of whether or not the availability of such information would provide faster or more efficient emergency service. *Page 2 
The right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Public Records Act, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to public documents. The Louisiana Supreme Court has instructed liberal construction of the Public Records Act, with any doubt being resolved in the favor of access.[1] Unless a specific exception to the Public Records Act is applicable, a custodian has the responsibility and duty to provide access to public records, and the public has a right to copy, inspect or reproduce public records.[2] Title 44 contains several specific exceptions to the Public Records Act. Additionally, the right to privacy embodied in the Louisiana Constitution has been recognized as functioning to exempt certain information from mandatory production under the Public Records Act.
The right to privacy described in La.Const. art. I, § 5 protects against any "unreasonable" invasions of privacy and has been interpreted as protecting certain documents from disclosure under the Public Records Act. Louisiana's constitutional right to privacy has been described as "the right to be `let alone,' . . . and to be free from `unnecessary public scrutiny.'"[3] However, as courts analyzing a privacy interest have pointed out, the right to privacy may be lost in many ways, such as by express or implied waiver or consent, or by a course of conduct which prevents its assertion. The right to privacy is qualified by the rights of others, and is limited by society's right to be informed about subjects of public interest. In ascertaining whether or not an individual has a constitutionally recognized privacy interest in certain information, the court first looks at whether the individual has an actual or subjective expectation of privacy. The court then proceeds to make an objective determination of that expectation of privacy, and examines whether the individual's expectation of privacy is one that society at large is prepared to recognize as reasonable. If both a subjective and objective expectation of privacy is found, the privacy interest is weighed against the public's right to know. This analysis is done on a case-by-case basis, depending on the particular facts and circumstances at issue in each situation.[4]
We note that the information in the 911 database contains names and addresses associated with both landlines and wireless numbers. The Public Records Act contains an exception relating to information about the data held concerning wireless numbers. *Page 3 
La.R.S. 44:4.1(18) incorporates La.R.S. 33:9109 into the Public Records Act by reference. Such statute provides, in pertinent part:
Each wireless service supplier shall establish a mechanism to permit a district to have full-time access to such customer data as is available and needed to assist in the appropriate response to an emergency call which originates from a customer's wireless device. Such information shall be used only by the district for the exclusive purpose of providing emergency services and shall otherwise remain confidential and shall be exempt from disclosure under R.S. 44:1 et seq.
La.R.S. 33:9109(F)(1).
As the above statute makes clear, the customer data gathered by a communications district from the wireless service supplier may only be used for providing emergency services, and shall otherwise remain confidential and exempt from disclosure under the Public Records Act. In light of the protection afforded to this information, and in light of the fact that the District has represented that the names and addresses are provided to relevant emergency responders in the dispatch of emergency services, the District has a duty to withhold this information when emergency services do not dictate the necessity to release such information. Therefore, with respect to customer data held by the District about wireless customers, it is proper for the District to withhold the information unless emergency services are needed.
Our office has previously opined that 911 communications districts are public entities subject to the Public Records Act. See La. Atty. Gen. Op. Nos. 90-576, 92-209, 93-152. Specifically, in La. Atty. Gen. Op. No. 90-576, our office stated that names, addresses, telephone numbers and named structures compiled by the 911 communications district and sheriff were public records subject to disclosure. This opinion considered the potential applicability of La.R.S. 44:3, and rejected the application of this exception based on the fact that the information is not investigative in nature, nor compiled from confidential sources of information. La. Atty. Gen. Op. No. 90-576.
Your letter indicates that the District claims the information you have requested is private. With respect to the customer data of wireless providers, this information is designated as confidential by statute. However, we are not aware of any similar provision making confidential the names and numbers associated with landline phone service. The issue of privacy as related to information held by communications districts was addressed in Hill v. East Baton Rouge Parish Department of EmergencyMedical Services.[5] This case concerned a public records request for the recording of a particular 911 call. The request was denied due to the fact that the phone call contained "Protected Health Information" (PHI) about the patient, and to comply with the Health Insurance Portability and Accountability Act (HIPAA), the Parish Attorney *Page 4 
maintained that such information must be kept private unless authorization is received from the individual whose health information is at issue.[6] The Court held that the recording of the 911 call requesting emergency medical assistance qualified as a confidential communication, and further, that the Communications District qualified as a health care provider under HIPAA, and thus, the information conveyed via the call for emergency medical assistance was protected from disclosure by HIPAA.[7]
For purposes of making a privacy analysis with respect to this information, we must distinguish between the situation presented in this opinion, a request for the information contained in a database compiled by a 911 communications district as a matter of routine, and a request for information concerning an individual who has called 911 and requested emergency services. Hill recognizes a communications district as a covered entity under HIPAA. However, in doing so, the court focuses on the fact that this individual contacted 911 and conveyed medical information out of necessity. If an individual calls 911 and makes a request for services, it is certainly possible that the individual could convey information about a medical condition which is PHI under HIPAA. As indicated above, the impetus behind your request for an opinion does not involve a situation where a 911 call has been placed, as the District conveys the necessary contact information at this time. Your request letter focuses on access to the consumer information maintained by the District in its database when there has been no call for services and no health information has been communicated. As we understand the facts, the database concerns information gathered by the District for the purpose of compiling an informational database in the event services are requested by someone in the future. The database itself is not compiled by virtue of providing emergency services to any individual.
The database maintained by the District is used for dispatching fire, police and emergency medical services in response to a variety of situations, and does not, on its own, relate to the mental or physical health condition of an individual. Therefore, it is the opinion of this office that the information contained in the database does not qualify as PHI exempt from disclosure by HIPAA when not connected to a request for services.
Separate from the determination as to whether or not the information is PHI covered by HIPAA is the analysis of whether or not such information would be covered by the right to privacy recognized by La.Const. art. I,§ 5. The strength of a constitutionally recognized privacy interest depends upon the public or private nature of the telephone information as determined by the individual. Our office has previously opined that the unlisted telephone numbers of private citizens are protected from disclosure due to the right to privacy. La. Atty. Gen. Op. No. 04-0328. Referencing La.R.S. 44:11, which protects the home address and telephone number of a public employee who has requested such information be kept private, this office reasoned that a private citizen should have the same privacy protection as a public employee: *Page 5 
When a person requests that their phone number remain unlisted, usually they do not expect a third party to have access to their phone number. They have a reasonable expectation that their phone number will be kept private.[8]
A parallel reasoning could apply to a home address, and if an individual has an unlisted home address, he or she does not expect a third party to have access to such information and has a reasonable expectation that this information will be kept private. The citizen's act of requesting such information not be made available to the general public demonstrates a subjective expectation of privacy. Further, we believe that society at large is prepared to recognize this expectation of privacy as reasonable. When weighed against the public interest in access to this information, this office is of the opinion that the privacy interest would prevail.
However, if the individual has not requested an unlisted number and/or address, this office is of the opinion that it is difficult to argue either a subjective or objective expectation of privacy in the information, and therefore, it is unnecessary to undergo the second portion of the privacy analysis weighing the individual privacy interest against the public interest in disclosure.
We qualify that this opinion is limited to considering access to the 911 name, number and address database, and note that the analysis would change if the situation involved the report of an incident for which an individual calls 911, which would require a specific determination to be made dependent upon the relevant facts and circumstances at issue.
Therefore, in conclusion, it is the opinion of this office that, with respect to the database maintained by the District conveying names and addresses associated with a 911 number: if the data is gathered from a landline for which the individual has not requested an unlisted number and/or address, the information is public record subject to disclosure; if the data is gathered from a landline for which the individual has requested an unlisted number and/or address, the information is protected from disclosure due to privacy concerns; if the data is gathered from a wireless number, the information is exempt from disclosure by the clear terms of La.R.S. 33:9109. *Page 6 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:_____________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB
[1] Title Research Corp. v. Rausch, 450 So.2d 933 (La. 1984); Landisv. Moreau, 00-1157 (La. 2/21/01), 779 So.2d 691.
[2] La.R.S. 44:31.
[3] See Copeland v. Copeland, 07-0177 (La. 10/16/07), 966 So.2d 1040,citing DeSalvo v. State, 624 So.2d 897, 901 (La. 1993), cert. denied,510 U.S. 1117, 114 S.Ct. 1067, 127 L.Ed. 386 (1994); Capital City Pressv. East Baton Rouge Parish Metro Council, 96-1979 (La. 7/1/97),696 So.2d 562; East Bank Consolidated Special Service Fire ProtectionDistrict v. Crossen, 04-838 (La.App. 5 Cir. 2004), 892 So.2d 666; Local100, Service Employees, International Union v. Smith, 36,454 (La.App. 2 Cir. 10/23/02), 830 So 2d 417, writ not considered 02-2858 (La.1/31/03),836 So.2d 75.
[4] Id.
[5] 05-1236 (La.App. 1 Cir. 12/22/05), 925 So.2d 17.
[6] Id. at 19.
[7] Id. at 23.
[8] Id.