ROBERT I. LAWRASON III　　　　*　　　NO. 2022-CA-0319

VERSUS　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　COURT OF APPEAL

ST. BERNARD PARISH　　　　　*

PUBLIC SCHOOL DISTRICT　　　　　FOURTH CIRCUIT

　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-1630, DIVISION "D"
Honorable Darren M. Roy
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase)

Robert I. Lawrason III
3713 Gallo Drive
Chalmette, LA 70043

　　　　　PRO SE PLAINTIFF/APPELLANT

Jon Keith Guice
Robert Lloyd Hammonds
Justin N. Myers
HAMMONDS SILLS ADKINS & GUICE, LLP
2431 S. Acadian Thruway, Suite 600
Baton Rouge, LA 70808

　　　　　COUNSEL FOR DEFENDANT/APPELLEE

　　　　　　　　　　**AFFIRMED IN PART; REVERSED IN PART**
　　　　　　　　　　**NOVEMBER 09, 2022**

*TGC*
*EAL*
*JCL*

Robert Lawrason, III (hereinafter "Mr. Lawrason") seeks review of the trial court's February 14, 2022 judgment granting St. Bernard Parish Public School District's (hereinafter "the School District") exceptions of insufficiency of service of process, prescription and no cause of action. After consideration of the record before this Court, and the applicable law, we reverse the portion of the trial court's judgment granting the exceptions of insufficiency of service of process and prescription; affirm in part and reverse in part the portion of the judgment granting the exception of no cause of action; and remand the matter for further proceedings.

## Facts and Procedural History

Mr. Lawrason is a former employee of the School District. In the years 2019, 2020 and 2021, Mr. Lawrason began requesting access to certain documents and video recordings pertaining to an investigation surrounding complaints he filed with the School District. Mr. Lawrason asserts that the School District ignored his requests. On May 26, 2021, he filed a formal public records request with the School District seeking: (1) his human resources personnel file; (2) documents involving an employee investigation into Mr. Lawrason; (3) video surveillance

1

from July 28, 2020, August 12, 2020, August 17, 2020 and November 6, 2020;[1] and (4) video surveillance from the second floor atrium central office on May 21, 2021.[2] In response to the public records request, the School District advised Mr. Lawrason that it was instructed by counsel that the requested records were not subject to the Louisiana Public Records Act, as set forth in La. R.S. 44:1 *et seq.* However, the School District further advised Mr. Lawrason that he could have full access to his personnel file and was permitted to make copies at any time.

On December 17, 2021, Mr. Lawrason filed a petition for a writ of mandamus, pursuant to La. R.S. 44:35,[3] seeking to order the School District to release documents pursuant to his public records request.[4] In response to the petition for a writ of mandamus, the School District filed a declinatory exception of insufficiency of service of process and peremptory exceptions of prescription and no cause of action. The exceptions were heard by the trial court on February 3, 2022. By judgment dated February 14, 2022, the trial court granted the exceptions and dismissed Mr. Lawrason's petition for a writ of mandamus. This appeal followed.

## Assignments of Error

Mr. Lawrason raises five assignments of error, by his "issues presented for review," which collectively challenge the trial court's judgment granting the exceptions of insufficiency of service of process, prescription and no cause of

---

[1] Specifically from 10:45 a.m. to 4:30 p.m., limited to the back second floor hallway and atrium/restroom area.

[2] Specifically from 10:45 a.m. to 11:45 a.m.

[3] La. R.S. 44:35 authorizes a mandamus proceeding when any person has been denied the right to inspect or copy a record under the provisions of the Public Records Act.

[4] Mr. Lawrason subsequently filed a rule to show cause regarding his petition for writ of mandamus in order to schedule the matter for a hearing.

action; and dismissing his petition for a writ of mandamus. We will consider each exception in turn.

## Standards of Review

In reviewing a trial court's judgment granting of an exception of insufficiency of service of process, this Court utilizes the manifest error standard of review. *Phillips v. Louisiana Stadium & Exposition Dist.*, 2021-0225, p. 3 (La.App. 4 Cir. 12/8/21), 332 So.3d 779, 782, *writ denied*, 2022-00049 (La. 3/2/22), 333 So.3d 836.

This Court's review of a ruling granting an exception of prescription "varies based on whether evidence was introduced in the trial court at the hearing on the exception." *Barkerding v. Whittaker*, 2018-0415, p. 13 (La.App. 4 Cir. 12/28/18), 263 So.3d 1170, 1180. "When no evidence is introduced, the *de novo* standard applies."[5] *Id.*, 2018-0415, p. 14, 263 So.3d at 1180. Likewise, an exception of no cause of action is reviewed under the *de novo* standard of review. *Herman v. Tracage Dev., L.L.C.*, 2016-0082, 2016-0083, p. 4 (La.App. 4 Cir. 9/21/16), 201 So.3d 935, 939.

## Discussion

La. R.S. 44:1 *et seq*., sets forth the Louisiana Public Records Act and makes any public record, not exempt, available for copy and inspection. La. Const. art. XII § 3 pertinently states that "[n]o person shall be denied the right to…examine public documents, except in cases established by law." Furthermore, our Supreme Court "has determined that the right of access to public records is a fundamental right guaranteed by La. Const. art. XII § 3, and whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be

---

[5] No evidence was introduced in the trial court.

resolved in favor of the public's right of access." *Landis v. Moreau*, 2000-1157, p. 4 (La. 2/21/01), 779 So.2d 691, 694. "Public records" is defined as:

> All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of any ordinance, regulation, mandate, or order of any public body ..., except as otherwise provided in this Chapter or the Constitution of Louisiana.

La. R.S. 44:1(2)(a).[6] "[A]ny person of the age of majority may inspect, copy, or reproduce or obtain a reproduction of any public record." La. R.S. 44:31(B)(1). A person denied access to public records, under the Public Records Act, has the right to initiate an action seeking a writ of mandamus directing the production of the requested records. La. R.S. 44:35(A) and (B); *Ferguson v. Stephens*, 623 So.2d 711, 715 (La.App. 4 Cir. 1993).

The following requirements are necessary for invoking a mandamus remedy under the Louisiana Public Records Act: (1) a request must be made; (2) the requester must be a "person;" (3) the request must be made to a custodian; (4) the document requested must be a "public record;" (5) the document requested must exist; and (6) there must be failure by the custodian to respond to the request. *Lewis v. Morrell*, 2016-1055, pp. 7-10 (La.App. 4 Cir. 4/5/17), 215 So.3d 737, 742-44. "A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice." La. C.C.P. art. 3862. A writ of mandamus is appropriate

---

[6] La. R.S. 44:1 was amended on August 1, 2022, but the amendment has no effect on this case

4

when directing a public officer to perform a ministerial duty, which are duties that eliminates the discretion of the public officer to perform the duty. La. C.C.P. art. 3863; *Hoag v. State*, 2004-0857, p. 7 (La. 12/1/04), 889 So.2d 1019, 1024.

The only formal public records request made by Mr. Lawrason occurred on May 26, 2021, when he completed the "St. Bernard Parish Public Schools Public Records Form." The parties do not provide specific dates or supporting documentation for the previous requests, apart from a May 21, 2021 email entitled "special request" to the supervisor of personnel for the School District. The record further suggests that the previous requests for records were also made through emails to certain employees for the School District. Any requests for public records, outside of the May 26, 2021 request, were informally made and thus not subject to the Louisiana Public Records Act. Thus, we will only consider the May 26, 2021 formal public records request in analyzing the trial court's judgment, as there are no other formal requests for public records for this Court to consider. *See Morrell*, 2016-1055, p. 12, 215 So.3d at 744-45 ("the document setting forth the public records request is necessary…to determine if [the party] is the one who made the request and thus has a right of action."). With these principles in mind, we consider the exceptions filed by the School District.

**Exception of Insufficiency of Service of Process**

La. C.C.P. art 925(A) provides that objections which may be raised by a declinatory exception include the objections of insufficiency of citation and insufficiency of service of process. The School District asserts that Mr. Lawrason failed to serve the proper party with the petition for writ of mandamus pursuant to La. R.S. 17:51. Conversely, Mr. Lawrason maintains that, as a *pro se* litigant, he

5

was unaware of the proper procedural rules regarding service of the petition for mandamus. La. R.S. 17:51 provides:

> There shall be a parish school board for each of the parishes, and these several parish school boards are constituted bodies corporate with power to sue. The legislature hereby authorizes suits against any parish school board for the enforcement of contracts entered into by the school board or for recovery of damages for the breach thereof, without necessity of any further authorization by the legislature. No other suits may be instituted or prosecuted against any parish school board unless in each individual case the legislature first has granted to the party or parties plaintiff the right to sue the particular school board, as provided in Section 26 of Article XIX and Section 35 of Article III of the Louisiana Constitution. In suits against school boards citation shall be served on the president of the board and in his absence on the vice-president.

Thus, pursuant to La. R.S. 17:51, citation of a petition instituted against a parish school board shall be served upon the president of the board or the vice president in the president's absence. Citation and service of the petition was directed to the "St. Bernard Parish Public School District" and the petition was ultimately served upon a staff member at the School District's central office. Thus, service of the petition failed to comply with La. R.S. 17:51.

However, the case *sub judice* is distinguishable from service of a petition in an ordinary proceeding because this case involves a petition for writ of mandamus. "[La C.C.P. art. 2592] specifically provides that mandamus shall be tried as a summary proceeding." *Hatcher v. Rouse*, 2016-0666, p. 4 (La.App. 4 Cir. 2/1/17), 211 So.3d 431, 434. La. C.C.P. art. 2594 states that:

> Citation and service thereof are not necessary in a summary proceeding. A copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any order of court assigning the date and hour of the trial thereof, shall be served upon the defendant.

6

It is undisputed that the School District was served with a copy of the petition for a writ of mandamus. Pursuant to La. C.C.P. 2594 service of citation is not required in summary proceedings. As a writ of mandamus is a summary proceeding, we find service of process was sufficient on the School District's staff member and find that the trial court erred in granting the School District's exception of insufficiency of service of process.

## Exception of Prescription

The purpose of a peremptory exception of prescription is to allow a defendant to obtain dismissal of a claim because it is time-barred. La. C.C.P. art. 923; *Med. Review Panel Proceedings for Timpton v. Touro Infirmary*, 2020-0522, pp. 4-5 (La.App. 4 Cir. 2/10/21), 313 So.3d 1022, 1027. (citations omitted) (quotations omitted). Mr. Lawrason argues that the trial court erred in granting the School District's peremptory exception of prescription. Conversely, the School District maintains that claims regarding the public records request made in "mid-2020 to November 2020" are prescribed because the petition for a writ of mandamus was not filed until December 17, 2021, more than one year prior to filing the petition for a writ of mandamus. As previously determined, the only formal public records request filed by Mr. Lawrason occurred on May 26, 2021. Thus, the December 17, 2021 petition for a writ of mandamus was filed within one year of that public records request.

However, as noted by the School District, there is no clear prescriptive period applicable to a writ of mandamus. Nonetheless, the School District asserts that because Mr. Lawrason seeks damages as a result of the denial of his public records request, his claim is subject to a one-year prescriptive period pursuant to

7

La. C.C. art. 3492.[7] We find this argument unpersuasive. "There is no prescription other than that established by legislation." La. C.C. art. 3457. La. C.C.P. arts. 3861-3866 does not provide a period upon which to file mandamus proceedings. *Olson v. City of Baton Rouge/Par. of E. Baton Rouge*, 2018-1045, p. 9 (La.App. 1 Cir. 6/21/19), 280 So.3d 640, 647. Likewise, "[La.] C.C. arts. 3492, *et seq.*, addressing liberative prescription, do[es] not provide any time limitation for instituting mandamus proceedings." *Id.* (citation omitted). In the absence of a clear prescriptive period, Mr. Lawrason was not time barred as to when he could file his petition for a writ of mandamus. Accordingly, we find the trial court erred in granting the exception of prescription.

### Exception of No Cause of Action

A peremptory exception of no cause of action questions whether the law affords a remedy against a particular defendant under the factual allegations of a petition. *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612, p. 7 (La. 3/17/06), 929 So.2d 1211, 1217. "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by the effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. When deciding an exception of no cause of action, a court considers only the petition for damages, amendments to the petition for damages and any documents attached to the petition for damages. *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agr. & Mech. Coll.*, 2012-0220, p. 7 (La.App. 4 Cir. 11/7/12), 105 So.3d 819, 825.

---

[7] La. C.C. art. 3492 pertinently provides that "[d]elictual actions are subject to a liberative prescription of one year."

Mr. Lawrason asserts the trial court erred in granting the School District's exception of no cause of action because he has the right to the records he requested. Conversely, the School District maintains that none of the requested records are subject to the Louisiana Public Records Act. Mr. Lawrason's May 26, 2021 public records request seeks: (1) his human resources personnel file and employee investigation documents; (2) video surveillance from July 28, 2020, August 12, 2020, August 17, 2020 and November 6, 2020; and (3) video surveillance from the second floor atrium central office on May 21, 2021. We will analyze each request separately to determine whether Mr. Lawrason states a cause of action for the documents requested.

### *Mr. Lawrason's Personnel File and employee investigation documents*

The School District argues that an employee's human resources personnel file is exempt from the Louisiana Public Records Act. "When a request for public records is at issue, the custodian or the individual claiming the privacy right must prove that there is a reasonable expectation of privacy against disclosure of the information to a person entitled to access to the public information." *Beckett v. Serpas*, 2012-1349, pp. 4-5 (La.App. 4 Cir. 3/20/13), 112 So.3d 348, 351 (citations omitted). In analyzing this reasonable expectation of privacy, jurisprudence has held that there are exceptions pertaining to public records as set forth in the Louisiana Constitution or the Louisiana Public Records Act. *See* La. R.S. 44:4.1; *Shane v. Par. of Jefferson*, 2014-2225, p. 17 (La. 12/8/15), 209 So.3d 726, 740.[8]

---

[8] La. R.S. 44:4.1 was amended on May 25, 2022, however, the amendment does not affect the statute's application and was not in effect at the time Mr. Lawrason filed his public records request.

La. R.S. 44:4.1, provides, in pertinent part, that there are "exceptions, exemptions, and limitations to the laws pertaining to public records." One such exception is La. R.S. 17:1237. La. R.S. 44:4.1(B)(9). La. R.S. 17:1237 states that all school employees are to be granted access to his personnel file. However, "[a]ll persons permitted access under [La. R.S. 17:1237] shall maintain the confidentiality of those documents in the file which are not matters of public record." La. R.S. 17:1237(A); *See Gannett River States Publ'g Corp. v. Monroe City Sch. Bd.*, 44,231, p. 9 (La.App. 2 Cir. 4/8/09), 8 So.3d 833, 838, *writ denied sub nom. Gannet River States Pub. Corp. v. Monroe City Sch. Bd.*, 2009-1029 (La. 6/19/09), 10 So.3d 745 ("a request for school employee personnel files is not a public records request that can be enforced by a writ of mandamus… ."); *see also E. Bank Consol. Special Serv. Fire Prot. Dist. v. Crossen*, 2004-838, (La.App. 5 Cir. 12/28/04), 892 So.2d 666, *writ denied sub nom. Eastbank Consol. Special Serv. Fire Prot. Dist. v. Crossen*, 2005-0212 (La. 4/1/05), 897 So.2d 608.

The School District also maintains that Mr. Lawrason cannot seek documents relating to the investigation into his employment through a public records request. The School District relies on La. R.S. 17:1233(2) for its assertion that any investigative documents are considered part of Mr. Lawrason's personnel file.[9] We agree. La. R.S. 17:1233(2) defines "personnel file" as "the file or files which contain the cumulative collection of any and all documents maintained by the school system with respect to each individual employee." The statute also defines "documents" as "any written or otherwise tangible material intended to be or actually used as a part of or any evidence of the work history of any school

_____

[9] La. R.S. 17:1233 was amended on June 10, 2022, providing technical corrections for Title 17 which have no effect on this case.

10

employee including any and all reports, comments, reprimands, correspondence, memoranda, evaluations, observations, and grievances relative to a particular school employee." La. R.S. 17:1233(1). Mr. Lawrason specifically requested "[a]ny copies of any testimonies given, by any individuals during the course of any investigation involving Robert I. Lawrason, III. Copies of any physical or electronically produced notes taken by any District Employee during any investigation involving Robert I. Lawrason, III." We find that the requested documents fall squarely within the definition of "documents" as outlined in La. R.S. 17:1233(2).

Accordingly, Mr. Lawrason need not request his personnel file and employee investigation documents through a public records request and therefore does not state a cause of action to seek these records. Thus, the trial court did not err in granting the School District's exception of no cause of action regarding Mr. Lawrason's public records request for his personnel file and employee investigation documents.

### *Video Surveillance*

Mr. Lawrason requests video surveillance from July 28, 2020, August 12, 2020, August 17, 2020 and November 6, 2020 and video surveillance from the second floor atrium central office on May 21, 2021. The School District asserts that the video surveillance from July 28, 2020, August 12, 2020, August 17, 2020 and November 6, 2020 no longer exists because they were taped over prior to Mr. Lawrason's request. A party cannot be expected to produce documents that are unavailable or cannot be identified. *See Morrell*, 2016-1055, p. 14, 215 So.3d at 746. As the video footage no longer exist, the School District is unable to comply

11

with the request. Thus, we find the issue moot and will next consider the request for video surveillance from May 21, 2021.

The School District asserts that the release of the May 21, 2021 video surveillance is exempt from the public records request because of safety concerns regarding schools. It maintains that La. R.S. 44:3.1 excludes records containing security information and that Mr. Lawrason's request falls within that category. La. R.S. 44:3.1 provides:

> A. Nothing in this Chapter shall be construed to require disclosure of records containing security procedures, criminal intelligence information pertaining to terrorist-related activity, or threat or vulnerability assessments created, collected, or obtained in the prevention of terrorist-related activity, including but not limited to physical security information, proprietary information, operational plans, and the analysis of such information, or internal security information.

> B. Nothing in the Chapter shall be construed to require the disclosure of school crisis management and response plans.

> C. Nothing in this Chapter shall be construed to require disclosure of a blueprint or floor plan of the interior of a public school building or facility, except as required as part of the public bid process. Any blueprint or floor plan of the interior of a school building or facility provided as part of the public bid process shall be deemed confidential and shall not be disclosed to persons other than those responsible for the bidding or construction of the project.

Mr. Lawrason specifically requests video surveillance from the second floor atrium central office on May 21, 2021 between the hours of 10:45 a.m. and 11:45 a.m. However, the record is insufficient for this Court to determine whether Mr. Lawrason's request for the May 21, 2021 video surveillance is exempt from a public records request pursuant to La. R.S. 44:3.1. Therefore, we remand the matter for the trial court to conduct an in camera inspection in order to determine whether dissemination of the May 21, 2021 video surveillance, as requested by Mr. Lawrason, creates any public safety concerns as outlined in La. R.S. 44:3.1.

**<u>Decree</u>**

For the foregoing reasons, we reverse the portion of the trial court's judgment granting the exceptions of insufficiency of service of process and prescription; affirm in part and reverse in part the portion of the judgment granting the exception of no cause of action; and remand the matter for further proceedings consistent with this opinion.

**AFFIRMED IN PART; REVERSED IN PART**